## MAINTENANCE OF A COUNTY HOSPITAL FOR THE INSANE.

Court of Common Pleas of Hamilton County.

STATE OF OHIO, EX REL JOHN V. CAMPBELL, PROSECUTING
ATTORNEY, v. FRED E. WESSELMANN ET AL.*

Decided, March 3, 1916.

*Insane. Asylums—Though Public Are Not Necessarily State Institutions—May be Built by County Taxation—Bonds May be Issued by County Commissioners—For New Buildings or Repair of those in Existence—Power of County Commissioners Under Section 2333.*

Longview Hospital, formerly known as Longview Asylum, was founded by Hamilton county from the funds raised by local taxation on the property in that county, and all the property belonging to that institution is owned by the county, and the commissioners of Hamilton county, the necessary statutory steps having been taken under Section 2333 of the General Code, have authority to issue bonds for the purpose of repairing buildings belonging to that institution or erecting buildings necessary for the proper administration of that institution, and they have like authority under Section 2434 of the General Code.

*Campbell, Hickenlooper, Hauck & Capelle*, for plaintiff.
*Herman P. Goebel,* contra.

MAY, J.

The State of Ohio, upon the relation of John V. Campbell, prosecuting attorney, has filed its petition in this court against the county commissioners and against the board of directors of the Longview Hospital, asking for an injunction against the county commissioners from issuing bonds of Hamilton county for the repair of existing buildings and the erection of new buildings for Longview Hospital, it having been determined by a vote of the people, on the 5th day of November, 1912, that such bonds be issued, and in the alternative asking for an injunction

*Affirmed, *State, ex rel*, v. *Wesselmann et al*, 25 C.C.(N.S.), —.

against the directors of Longview Hospital from controlling, disbursing or expending the proceeds derived from the sale of the bonds, or any part thereof, for the purposes mentioned, without first applying to the judges of the court of common pleas for the appointment of a building commission, as provided under Section 2333 of the General Code.

To this petition the defendants have filed a demurrer.

The petition sets out at length all the proceedings that have been taken by the county commissioners in reference to the proposed bond issue, to-wit, that on the 16th day of August, 1912, the county commissioners passed a resolution declaring it necessary to expend $500,000 for the construction, enlargement, repair and improvement of the buildings for the accommodation of the inmates of Longview Hospital for the insane, and further declaring it necessary to issue bonds of the county of Hamilton in the amount of $500,000 to obtain money for such purposes, and at the same meeting it was further resolved that the question of policy of making such expenditure be submitted to the voters of Hamilton county at the election held on November 5, 1912. The petition then sets out that the requisite preliminary steps were taken and that the board of deputy state supervisors and inspectors of elections certified to the county commissioners that at the election so held 70,709 votes were cast for said issue and 26,519 votes were cast against said issue, which shows a legal majority in favor of the issue of said bonds. The petition further states that the county commissioners took no action in reference to the issue of said bonds until the 28th day of January, 1916, when a resolution was adopted authorizing the issue of $295,000 additional building bonds and $5,000 for repair of existing buildings. The relator alleges that the proceedings of the board of county commissioners are null and void inasmuch as there is no authority in the board of county commissioners to issue bonds for the purposes mentioned.

I am of the opinion that the board of county commissioners, under the provisions of the General Code, has full authority to issue bonds for the purposes set out in the petition, provided the necessary statutory steps have been taken.

At this date it is too late to claim that the Longview Hospital is not a county institution. An examination of the legislation on this subject during the past sixty years shows conclusively that the Longview Hospital for the insane is a county institution. See especially, Ohio Laws Vol. 55, page 170; 56 O. L., 170; 58 O. L., 152; 63 O. L., 149; 64 O. L., 246; 65 O. L., 272; 66 O. L., 78; 70 O. L., 178; 71 O. L., 182; 75 O. L., 93; also General Code, Sections 2004 to 2034.

If there was ever any doubt on the question as to whether or not Longview Hospital is a county institution, that doubt has been removed by the decision of the Supreme Court in the case of *Chalfant* v. *State,* 37 Ohio St., 60. The Supreme Court in that case expressly held that Longview Asylum, though a public, is not a state institution, and at page 62 say:

"Under acts of the General Assembly, Longview Asylum was founded by Hamilton county, from funds raised by local taxation on the property in that county; and all the property belonging to the institution is admittedly owned by the county."

The relator, however, claims that the commissioners of Hamilton county have no authority to issue bonds for the purposes mentioned, for the reason that the Longview Hospital or Longview Asylum is not expressly mentioned in Section 2433 or Section 2434 of the General Code.

Section 2433 of the General Code reads:

"When, in their opinion, it is necessary, the commissioners may purchase a, site for a court house, or jail, or land for an infirmary or a detention home, or additional land for an infirmary or children's home, at such price and upon such terms of payment, as are agreed upon between them and the owners of the property. The title to such real estate shall be conveyed in fee simple to the county."

Section 2434 of the General Code reads:

"For the execution of the objects stated in the preceding section, or for the purpose of erecting or acquiring a building in memory of Ohio soldiers, or for a court house, county offices, jail, county infirmary, detention home, or additional land for an

infirmary or county children's home, or other necessary buildings or bridges, or for the purpose of enlarging, repairing, improving, or rebuilding thereof, or for the relief or support of the poor, the commissioners may borrow such sum or sums of money as they deem necessary * * * and issue the bonds of the county to secure the payment of the principal and interest thereof.''

It is true that a strict construction of this section would sustain the view of the relator, but I am of the opinion that even if this section is the controlling section, that the words in Section 2434, ''for the purpose of erecting or acquiring'' certain buildings, mentioning them, ''or other necessary buildings,'' is broad enough to give the county commissioners of any county, which has an insane asylum which has been recognized for more than sixty years by the Legislature as a distinct county institution, and which the Supreme Court has expressly held is not a state institution but a county institution, authority to issue the necessary bonds, especially where they have been authorized to do so by the necessary vote of the people.

However, I am of the opinion that the county commissioners have full authority, under Section 2333 of the General Code, to issue the bonds for the purposes mentioned in the petition. That section reads:

''When county commissioners have determined to erect a court house or other county building at a cost to exceed twenty-five thousand dollars, they shall submit the question of issuing bonds of the county therefor to the vote of the electors thereof.''

This was done in this case and the result of the election, as certified to by the board of deputy state supervisors and inspectors of elections, showed a large majority in favor of the proposition.

I am therefore of the opinion that both under Section 2333 and Section 2434 of the General Code, the proposed bond issue is a valid bond issue, and for this reason the demurrer to the first cause of action set out in the petition will be sustained.

The second cause of action in the petition asks for an injunction against the expenditure of any funds derived from the sale

of the bond issue until application has been made to the court of common pleas for the appointment of four suitable and competent freehold electors of the county, who shall, in connection with the county commissioners, constitute a building commission and serve until its completion, and not more than two of such appointees shall be of the same political party.

At the argument counsel for the defendants admitted that such a commission would have to be appointed before any funds realized from the sale of the bonds are expended. It is unnecessary, therefore, for the purpose of determining the validity of the bond issue to pass upon the demurrer to this second cause of action.

The finding of the court herein is, that the county commissioners have full authority to proceed to take the necessary steps to sell bonds for the purposes set out in the resolution, namely, to repair existing buildings and to erect new buildings, and the determination of the expenditure of the money realized from such proposed sale will be continued until such time as an effort is made upon the part of the defendants to disburse such funds without complying with Section 2333 of the General Code.

A decree in accordance with this finding may be drawn.